### COLOMBO v. CITY OF YOUNGSTOWN.

Ohio Appeals, 7th Dist., Mahoning Co.

Decided March 23, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**661. INTOXICATING LIQUOR—693. Knowledge.**
Finding of 75 gallon still, 3000 gallons of mash, 1200 pounds of sugar, 100 pounds of yeast, and a large amount of finished product, in the way of liquor, in dwelling occupied by accused, and evidence that odor from manufacture of liquor was plainly noticeable to anyone entering building, held sufficient to warrant conviction, although accused denied knowledge of manufacture.
Error to Common Pleas.
Judgment affirmed.
D. F. Rendinell, Youngstown, for Colombo.
Carl Armstrong, Youngstown, for City of Youngstown.

## FULL TEXT.
FARR, J.

This cause is here on error. Colombo was charged in the Municipal Court of the City of Youngstown with possession of property designed for the manufacture of liquor. Upon the trial in that court there was a finding of guilty and it was affirmed in the Court of Common Pleas, and this cause comes here for review upon the issue that the judgment is against the weight of the evidence.

The record discloses that Colombo lived with his family in a frame dwelling at 1414 Wilson Avenue; that there was a hallway running through the center of the house, upon the opposite side of which hallway there were a number of unoccupied rooms, the doors of some of which were unlocked and accessible to any one. In these rooms and upon a search of the premises there was found a 75 gallon still, 3,-000 gallons of mash, 1,200 pounds of sugar, 100 pounds of yeast, and a large amount of finished product in the way of liquor. The searching officers testify to finding this outfit and these materials in the building, and that Colombo denied all knowledge of the same.

It is said that the odor from the manufacture of liquor was plainly noticeable to anyone entering the building, and it is equally unthinkable that anyone from the outside was going to the building and manufacturing liquor to the extent that it seems to have been carried on in the place. The officers corroborate each other as to the amount and kind of the equipment, materials, etc. Colombo simply denies all knowledge of the same and likewise his guilt. The trial court found him guilty and this court could not now well say that this finding is so clearly, so manifestly against the weight of the evidence by the degree required by law as to require a conviction. Clearly the trial court was justified in the conclusion reached, and the judgment is affirmed.

(Thomas and Williams, JJ., concur.)